**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1580

LIANG CHEN,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of then Board of Immigration
Appeals

Submitted:  November 18, 2013      Decided:  November 25, 2013

Before MOTZ, DUNCAN, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Troy Nader Moslemi, MOSLEMI & ASSOCIATES, New York, New York,
for Petitioner. Stuart F. Delery, Assistant Attorney General,
Francis W. Fraser, Acting Assistant Director, Justin R. Markel,
OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Liang Chen, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal of the Immigration Judge's decision denying relief from removal. Chen disputes the finding that he failed to qualify for asylum, withholding of removal and protection under the Convention Against Torture (CAT).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). This court reviews legal issues de novo, "affording appropriate deference to the [Board's] interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We have reviewed the evidence of record and conclude that substantial evidence supports the Board's finding that Chen failed to meet his statutory burdens. We therefore uphold the denial of Chen's requests for asylum and withholding of removal. See Camera v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)."). Finally, to qualify for CAT protection, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2013). Based on our review, we find that substantial evidence supports the agency's conclusion that Chen did not qualify for this relief.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3